Morning everyone. Good morning everyone. Okay I'm gonna call the cases just as they appear on the calendar. If you're the appellant and you wish time for rebuttal just that's fine. Our first case for argument is Jose Martin Aguilar Guadamuz versus Barr. Good morning. May I please call Marco Garzón for the petitioner Mr. Jose Martin Aguilar Guadamuz. Petitioners' underlying applications with the Immigration Court were withholding a removal and protection under the Convention Against Torture. At the proceedings in front of the immigration judge denied both applications in particular by finding no past persecution and no nexus to an enumerated ground including political opinion or membership to a particular social group. The immigration judge also found that the current conditions at the time did not warrant a finding of likelihood of persecution on account to his family past government affiliations or opposition to the Sandinistas. The petitioner to prior counsel file an appeal of the decision of the immigration judge with the BIA. The appeal was dismissed by the BIA. We're pretty familiar with you know sort of what the procedural history and what happened here and there are two appeals in front of us correct? Yes. One is from the direct appeal. Yes. Right on the he filed a motion for it to reopen and that is denied and that's before us. Yes. Okay as I read your brief it looked like I mean you looked like your focus was just on the motion to reopen. Is that correct? You know yes. And the reason there is not much in your brief addressing the the substantive ruling from the denial of the application. Is that correct? That is correct Your Honor. Okay. Precisely is because the motion to reopen based on the ineffective assistance give us light as to the grave errors that a prior attorney made during the proceedings. Okay so let me just I want to make sure that I understand where you want us to focus our attention. So on the motion to reopen you raised essentially two grounds. Ineffective assistance of the prior attorney and changed country conditions. Yes Your Honor. Okay so the motion was was not filed timely right? Correct Your Honor. Okay so you got to meet one of those two hurdles. Absolutely. All right so on the motion to reopen on the basis of ineffective assistance of counsel where was counsel ineffective? Your Honor he was ineffective because at the time of the hearing there was available testimony from the petitioner's mother about the continuous issues that she was having with the It could be a ground to reopen the file because that could have given the judge a better understanding of what would be the future persecution that he could face. Even in the transcript of the hearing the judge mentioned that a declaration from the mother could be helpful in his case. The other part of that ineffective assistance is that that hearing was postponed to a later date and even at the later date the prior attorney didn't submit any declaration So what is his obligation to investigate? I mean did your client tell him that his mother was having these issues and yet he didn't file? I don't think that's really the situation right? I think that the the the petitioner mentioned the situation that the mother was either detained or restrained by two days but the sentences after respondent left. So that could create the the obligation from the prior attorney to inquire a little bit more about the current situation of the mother especially because she was living there after all these years. So that failure to meaningfully explore that option is what made the judge only consider that particular situation as he was in the record. There was nothing else other than what the respondent mentioned and even one when the petitioner was asked about why he didn't submit the declaration from the mother he was like I didn't know I didn't know it was important for this case. At that point... Was he there though when the judge said it would be helpful to have a declaration from your mother? I believe so because he was doing the one of the hearings where his presence was mandatory. So is there a diligence problem? I wondered if we should read the BIA as saying well you should have known that this was important because it was mentioned at the hearing and yet a lot of went by and your petition for reopening wasn't filed timely even though you could have known that this information would have been helpful. I believe so your honor because when an attorney is told by the judge that this could be important it really clearly delineates that the judge the line of thinking of the judge and that gives the practitioner an idea of what we're looking for. But does that create a problem for your client because there's a diligence problem in that he didn't file sooner even though he was at the hearing when the judge said that and he knows that there was nothing filed from his mother? Well the thing is that he was doing still doing the proceedings in front of the judge so he the petition was relying on the attorney and the attorney's diligence. But once he loses why didn't he file for reopening right away saying my attorney was in ineffective because he didn't file anything from my mother? That's also a particular point in this case your honor because the prior attorney took over the appeal himself and in that appeal even more errors were made when not only he didn't argue completely all the points but he waived the argument or challenge to the protection on the convention against torture. He didn't mention anything in the brief and rightfully so the BIA said is being waived because nothing was meaningful challenged there. So the timeline is interesting because the same attorney representing him at the immigration court, the same attorney represented at the BIA level in the appeal, but it's only after the BIA denied the petition and the petition for review was filed with this court that the respondent due to lack of funds was able to talk to another attorney. They filed a petition for review for the decision the initial decision in 2010 and then after further inquiries with the respondent that's when they filed a motion to reopen because for the prior attorney it was clear that the ineffective assistance of the power counsel it was prejudicial for the respondent. So your time is beginning to run but you had another basis to reopen. Yes your honor. Changed country conditions. Yes your honor. So what what what were the conditions at the of the hearing and the changed conditions that warrant reopening? In the motion to reopen prior counsel filed as several reports and country conditions that show the progressive problematic political situation in Nicaragua after the president the current president was put in place. That change of circumstances plus given the history of the respond the petitioner through his family in opposition to Sandinistas and in addition with these issues that the mother had with these individuals could it support defining the new circumstances or a change of conditions warrant the reopening of the family? Usually when it comes to change of country conditions you have the new evidence you have supposed to show that really wasn't available. So what like that is your argument that with the information regarding the mother that it wasn't available because counsel was ineffective so the two go together? Well that's one argument your honor about the mother's declaration. As far as the country conditions the respondent's attorney at the time only filed the 2008 country conditions but you see in the motion to reopen the other counsel filed several articles or reports country conditions that show that that showed the deterioration. But do any of them really show targeting of former Somoza supporters? I don't really understand how this new political information affects the claim of your client. It affects because as it's shown in the new evidence that was presented the political position was against any opposition to the Sandinistas or the current government and that included. So where is the best support in the record that people were being targeted because they had opposed the Sandinistas in a way that would be sufficient for relief? I think it's in the the exhibits that it was filed they were filed with the motion to reopen and the supplemental exhibits that were filed with the sort of supplemental motion to reopen. And even further your protection on the convention against torture. So do they describe torture of people who oppose Sandinistas? I didn't really see you citing something like that. No your honor I think that in general they they show how a the government is arbitrary and take to actions against people opposing their government. So you one only kind of fear that this could happen to respond and especially even his history where he was actually persecuted has persecuted past persecuted because even the BIA recognized that what happened before with his uncle his father and to himself amounted to the level of persecution. So if you translate that into the current situation even the political turmoil that is suffering the country right now that could justify a consideration of the protection of the convention against torture. Okay I'll give you a minute for rebuttal let's hear from the government. Her microphone is not connected to mine. Is it not on? Sorry we have a technical difficulty. Is my microphone not coming through? Is that coming through his box? It's not connected to this so I can't really hear what Judge Friedland is saying. Could you call the technician? I'll pay more attention. Sorry. I'll just move back a little bit too. Okay let's hear from the government. Mr. George. Thank you Your Honor. May it please the court Matthew George for the Attorney General. As the court has already pointed out petitioner waived any challenge to the dispositive change country conditions findings that the board made and with respect to the first petition for review he didn't make any challenge to that in his brief. You mean on the merits the underlying merits in his application for? Yes Your Honor. Right. In the first petition the immigration judge and the board found that conditions had changed since the incidents that petitioner experienced. You know as I read his brief it does make some reference to the original application for withholding but there's not much discussion in the brief about that decision. That's correct Your Honor. It needs to be more fulsome. It needs to point out what argument and evidence he's relying on as as the federal rules require as his court in cases require. He hasn't done that and so he's waived that and in any event he's failed to show a nexus to a protected ground with respect to that claim. There's no proof that Sandinistas were aware of his familial relationship or harmed him or were motivated to harm him on account of that. Wait a minute. As I read the record his uncle was dragged through the relative of his was jailed for 10 years by the Sandinistas. Yes Your Honor. His father was. His father was right? So you're saying that there's no nexus between the Sandinistas and the dislike of this family because of the Somoza people? That's correct Your Honor. There's no connection between those incidents and what happened to petitioner. Petitioner was conscripted in an indiscriminate manner. He even testified that it was done indiscriminately when the Sandinistas stopped a bus. They said everyone all the males over age 16 were conscripting you. We don't care anything about who you actually are. You're coming with us. There was no mention of like we're looking for Somoza supporters or family members. They didn't ever ask for names or anything like that. That's that's been petitioners consistent testimony of they've never really made any sort of connection. There was also consistent. There was also testimony regarding painting the mother's house with diatribes about being dogs and traitors. Yes there were some graffiti some harassment and I believe she was detained for two days. Because of her Somoza connection right? Well it's unclear exactly why that was done. There's there is some evidence that the Sandinistas were motivated by trying to get the land. And that comes up in both petitions for review. That's really the nexus if you will of why those actions are going on. But in any event some graffiti some harassment a brief detention don't don't rise to the level of persecution. The mother has been there for I can't remember 10 20 years until her death without anything that rose to the level of persecution. And so as another family member who's affiliated with Somoza supporters if she's never been persecuted that undermines petitioners claim that he would be persecuted on account of that ground. I mean I'm not trying to in any way say all those actions are fine or good or they obviously are not pleasant and and probably very scary. But they don't rise to the level of persecution. Turning to the the motion to reopen. Petitioners fail to show any prejudice from any alleged ineffective assistance. The motion isn't very high though. That that's correct. That's correct your honor. Result may have been different. That that's right your honor. I the just may affect the outcome. However there's no evidence presented with the motion of what would have been produced or should have been produced by this attorney such that it may affect the outcome. There's the the cousin Carlos Guadamus or the alleged cousin. There's no evidence connecting him to petitioner. In any event his situation is completely the opposite. But what about the declarations describing the harassment of the mother and problems with the mother? Well that is simply cumulative of what petitioner already testified to in his original hearing. He testified at that hearing that she was being harassed. But you were just saying that there was no nexus to the political situation and doesn't the don't the declarations give more nexus information? Well when we say declarations we mean the letters from. Yes sorry letters not declarations. Well as the the board pointed out there they're inconsistent. They're unnotarized unsworn. We don't know who these people are that are sending them. And they give different reasons for who was doing it. How they had any idea that these people doing this harassment and such were affiliated with Sandinistas. They're not even consistent on who was taking care of the mother. The the one individual Nelson Pineda I believe was supposed to be the mother's caretaker. And he said someone else was taking care of the mother. And so how the agency is not abusing its discretion and saying look these this inconsistent evidence doesn't show either a material change in country conditions or. What if we read those and think that there are ways to explain what you're calling these contradictions. I mean maybe someone took care of the mother for a while and then someone else took care of her for a while. I mean it didn't read to me like they were necessarily inconsistent in the ultimately comes down to the board's discretion. This is an abuse of discretion. Now certainly the court may draw one conclusion from them. The board drew a different conclusion. Drawing different conclusions from from evidence doesn't mean that the board has abused its discretion. What is the standard the board applies in reopening and assuming that the truth of the evidence or how what does the board need to say in terms of disregarding something for not being I'm sorry I don't remember the exact language but isn't there a standard that it has to be like inherently unbelievable which I'm not sure these letters are. I believe that's the the overall standard is is presumed to be true and or less inherently unbelievable. However the board still needs to confront this evidence. It's it's akin to a motion for a new trial is looking at all this evidence is it going to affect the outcome. The board still needs to in evaluate the evidence and so it's presented with what it is determined is inconsistent. The court may say they're not inconsistent. However those are just two conclusions that can be drawn from the same evidence. But if the board is supposed to believe them for purposes of reopening if they're not inherently unbelievable how can we tell that the board applied the right standard? It seems like the board didn't really ask whether they were inherently unbelievable. Well let me put it this way your inherently believable if they're not consistent in terms of what they're saying. I understand maybe the court can find a way to read them consistently but the board didn't. And so for example if one letter says the light at the traffic accident was red another letter says the light was green. Clearly but I don't think that's the kind of contradiction we have here. We have partial accounts that could be just accounts of different time periods or I just don't think there's anything that's as directly conflicting as that. Well the board saw it that way and it didn't abuse its discretion in drawing that conclusion from these letters. They're not so compelling that it must reopen. And in the same way that say these letters were presented to a district court judge in a motion for a new trial would the court say that that district judge is now required to reopen or required to hold a new trial on this evidence. And that's what the Supreme Court in the cases like Ubudu has said that this is akin to a motion for a new trial. And so it's not just well could we find a way to read them consistently or or do they sort of say something. It's like is it going to work. You know it may be akin but there is really a really significant difference. I mean these people that submitted these letters they're in Spanish for one thing. You know it looks like they did looks like they did it themselves. You know it's a little bit different. And that's another. You know it's not a it's not a trial in front of the United States District Court. If somebody moves for a new trial. I mean I understand the similarities but look let me ask you this. So taking the let's just take these letters the motion to reopen and he raised two grounds. Ineffective assistance of counsel and change country conditions. Right. Yes sir. So wouldn't a reasonably competent lawyer when the IJ raises these issues during the course of the hearing and there's a continuance. Wouldn't a reasonably competent lawyer make you know pretty diligent effort to get the information that the IJ is asking for. Perhaps a reasonably competent attorney would. However what is the evidence that wasn't presented here is simply cumulative evidence. Like the mother was continued to be harassed. Mother was continued to have the graffiti. You know sort of expound. I mean it sort of gives depth to what his claim was. But if she was harassed before and is harassed now there's no change. And I see my time is up. Could I ask one more question about the baseline issue in this case. So when we look at change country conditions. When we also have an IAC claim going on. What is the baseline for which we compare the change country conditions. Is it what was presented at the original hearing or what could have been presented if the lawyer had done a better job. I believe it would break into two separate inquiries really because for just change country conditions we have to look at what was actually presented to the agency at the first hearing versus what is being presented now. Now perhaps it interrelates in that for the ineffective assistance claim we need to see well what is the evidence you would have presented before and does that affect may that how may that affect the outcome of the proceedings. And so they are interrelated but they are two separate. But your position is that when we look at change country conditions we compare it to what was actually presented at the hearing. Yes sir. Okay. Thank you. Thank you. Thank you. I'll give you a minute for rebuttal if you have anything you would like to add. Just briefly with reference to the declarations that were submitted with the motion to reopen. There were letters. The letters yes. It's interesting that in the interim brief council actually mentions that they are two of the authors of the letters sorry they mentioned that they were Sandinistas. One says Jude directed by the Sandinistas. Another says a group of people influenced by the Sandinistas. So the importance of that is that those declarations were done 2010-2011. This has been happening for a long time. So that in itself it shows that it's a continuous threat to the family if the respondent is to return to Nicaragua today or at the time. So that's the importance. It's not only community harassment but it's a continuous and present danger to a petitioner. That's all that I wanted to say. Okay. Thank you counsel. We appreciate your arguments this morning in this case and the matter is submitted at this time.
judges: Paez, Bea, Friedland